UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| SUZANNE ELIAS, et al.,<br>    Plaintiffs,<br><br>v.<br><br>C.F., a minor, LLOYD FORD, TRACI DAY,<br>THE CITY OF SEVIERVILLE, TENNESSEE,<br>HERMAN HODGE, TANGER FACTORY<br>OUTLET CENTERS, INC., AE OUTFITTERS<br>RETAIL CO., MOTORS LIQUIDATION<br>COMPANY, SATURN CAR COMPANY,<br>    Defendants. | No. 3:09-CV-486<br>Phillips |

## MEMORANDUM OPINION

Plaintiff Suzanne Elias filed this action *pro se* on behalf of herself and her minor child for the wrongful death of her husband, Daniel Elias. Daniel Elias was killed in an automobile accident as he was traveling from his home to his place of employment at Tanger Factory Outlet Mall in Sevierville. Daniel Elias' automobile was struck by an automobile driven by C.F., a minor, whose parents are Lloyd Ford and Traci Day. C.F. worked for AE Outfitters Retail Co. at the Tanger Factory Outlet Mall in Sevierville. At the time of the accident, C.F. had left her employment at the mall on a meal break. Daniel Elias was returning from his meal break when the accident occurred at the intersection of New Era Road and Lewelling Road, approximately one mile from the mall. Plaintiff has

also sued Motors Liquidation Company and Saturn Car Company, the manufacturers of the automobile Daniel Elias was driving at the time of his death.

Defendants City of Sevierville, C.F., Lloyd Ford, Traci Day, Tanger Properties Limited Partnership,[1] and AE Outfitters Retail Co. move to dismiss plaintiff's complaint for failure to prosecute the action and/or for failure to comply with the court's orders. Plaintiff Suzanne Elias has not responded to the motions to dismiss, and the time for doing so has passed, *see* LR 7.1. Plaintiff's failure to respond will be deemed a waiver of any opposition to the defendants' motions to dismiss, *see* LR 7.2. For the reasons which follow, defendants' motions to dismiss are granted and this action is dismissed in its entirety.

## I. Background

This case concerns an automobile accident that occurred on May 24, 2009 in Sevier County, Tennessee. Plaintiff originally filed her complaint on November 13, 2009. The court entered an order on February 18, 2010, allowing plaintiff to file an amended complaint. Plaintiff filed the amended complaint on July 13, 2010.

On July 20, 2010, defendant City of Sevierville forwarded to plaintiff a copy of the answer of the City to the amended complaint. The answer was entered with the court and mailed to plaintiff via certified mail to her address of 1131 Tramel Road, Sevierville, Tennessee 37862, due to the fact that plaintiff is not registered with the court's

---

[1] Tanger Properties Limited Partnership is improperly named as Tanger Factor Outlet Centers, Inc., in plaintiff's complaint.

2

electronic filing system to receive notification of electronic filings.  The certified mailing was returned "unclaimed" by the U.S. Post Office on August 30, 2010.

On February 16, 2010, defendant AE Outfitters filed a motion to dismiss plaintiff's complaint.  Plaintiff responded on March 24, 2010.  AE Outfitters filed a motion to dismiss plaintiff's amended complaint on July 16, 2010.  Plaintiff failed to respond to the motion.  Thereafter, on September 8, 2010, defendant Tanger Properties filed a motion for summary judgment.  Plaintiff failed to respond to this motion.

Since March 2010, counsel for defendants, C.F., Lloyd Ford and Traci Day, has attempted numerous times to correspond with plaintiff in an effort to schedule and conduct the initial planning conference required by Rule 26(f).  Despite sending multiple letters to plaintiff, counsel states the parties are still waiting on plaintiff to respond to the request to participate in an initial planning conference as required by Rule 26(f).  Counsel for defendants received a "Demand for Discovery" that was filed by plaintiff on April 7, 2010 seeking discovery from defendants; however, no initial planning conference was held and plaintiff did not make her initial disclosures as required by Rule 26(a).  On April 9, 2010, Magistrate Judge Guyton issued a Memorandum and Order denying plaintiffs' demand for discovery. In doing so, Magistrate Judge Guyton found that plaintiff's demand for discovery was premature because plaintiff had not made her initial disclosures and no discovery conference had been held.

In an effort to schedule the Rule 26(a) planning meeting, counsel for defendants wrote multiple letters to plaintiff in April, May and June 2010 requesting plaintiff provide dates that she was available to conduct the initial planning conference by telephone. Counsel for defendants received a response from the plaintiff in a letter dated July 11, 2010. Counsel for defendants promptly provided plaintiff with eight (8) available dates in July and August 2010 to conduct the initial planning conference by telephone. No further response has been received from plaintiff.

Counsel for defendants wrote plaintiff again in July, August and October 2010 in an effort to confer with plaintiff and schedule and conduct the Rule 26(f) planning conference. No response was received from plaintiff. Counsel for defendants state that they have not received any correspondence, or response to their pending motions, or any attempt at communication regarding this action from plaintiff.

By order entered February 18, 2011, plaintiff was ordered to show cause in writing on or before March 11, 2011, why defendant's motions to dismiss and/or for summary judgment should not be granted and this action dismissed. On March 4, 2011, plaintiff responded to the court's show cause order stating that she was incarcerated at the Sevier County Jail and that she was unable to prepare an adequate response to the pending motions. The court stayed the action for a period of 45 days and ordered plaintiff to either respond to the pending motions or explain why she is unable to do so no later than

May 12, 2011. Plaintiff was advised that failure to comply with the court's order would be deemed a waiver of any opposition to the relief sought in defendants' motions, pursuant to LR 7.2, and could result in dismissal of the case.

## II. Analysis

Defendants move for an order imposing discovery sanctions upon plaintiff pursuant to Fed.R.Civ.P. 37(b) and 41(b). Specifically, defendants request that this case be dismissed due to plaintiff's failure to cooperate in discovery, and failure to comply with the Federal Rules of Civl Procedure and this court's Local Rules. Defendants aver that plaintiff has failed to conduct the Rule 26(f) meeting and to make initial disclosures as required by Fed.R.Civ.P. 26(a).

Pursuant to Rule 37(b)(2)(A)(v), Federal Rules of Civil Procedure, the court can dismiss an action in its entirety as a discovery sanction for a party who fails to participate in the planning meeting and the framing of a discovery plan as required by Rule 26(f). In fact, a party's failure to participate in the planning meeting and the framing of the discovery plan as required by Rule 26(f) has been held to be sufficient grounds for the dismissal of a plaintiff's complaint. *See O'Neil v. AGWI Lines*, 74 F.3d 93 (5th Cir. 1996).

Also, Rule 41(b) confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the

court. *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* Nevertheless, "the dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005).

Four factors are considered by the court in reviewing a motion to dismiss for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll*, 176 F.3d at 363. "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

Finally, LR 83.13, states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. Notification of a change of address must be accomplished by filing a Notice with the Clerk and service of the Notice upon all other parties withing 14 days of the change of address. In addition, a party appearing for himself/herself shall sign his/her pleadings and include his/her address and telephone number. The failure of a pro se plaintiff to timely

respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action. Parties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.

Plaintiff Suzanne Elias has failed to prosecute this action and has failed to comply with Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rule 83.13 by (1) failing to participate in an initial planning conference, (2) failing to participate in framing a discovery plan, (3) failing to respond to defendant's motions, and (4) failing to keep the court advised of plaintiff's current address. Plaintiff was made aware of the requirement to participate in a planning meeting and the framing of a discovery plan by Magistrate Judge Guyton's memorandum and order issued on April 9, 2010. In addition, plaintiff has failed to respond to the defendants' motions to dismiss and/or for summary judgment within the time prescribed by this court's Local Rules and Rule 56(c)(1)(B) of the Federal Rules of Civil Procedure. By failing and refusing to participate in pretrial procedures and correspond with counsel for defendants, and failing to respond to the pending motions, the court finds that plaintiff has engaged in bad faith or contumacious conduct. Plaintiff's failure to make her initial disclosures and to participate in a planning meeting and the framing of a discovery plan has prejudiced defendants in their efforts to prepare their defenses to plaintiff's claims. Defendants have been further prejudiced by the waste of time, money and effort in their pursuit of cooperation which the plaintiff was legally obligated to provide. The court's February 18, 2011 order placed plaintiff on notice that failure to comply with the court's order could result in dismissal of the action. It appears to

the court that plaintiff has abandoned the prosecution of this action, as evidenced by her disregard for this court's orders. Accordingly, the court finds that the stay in this case shall be **LIFTED. FURTHER,** the court finds defendants' motions to dismiss [Docs. 47, 49, 51, 52, 53] well taken, and the motions are hereby **GRANTED**, and plaintiff's complaint and amended complaint are **DISMISSED, with prejudice**, pursuant to Fed.R.Civ.P. 26(f), 37(b)(2)(A)(v) and 41(b).

Any remaining motions are denied as moot.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge